UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA MARIE POWELL, a Missouri resident, | ) ) ) | |
| and | ) ) | |
| MELINDA MARIE HICKS, a Missouri resident, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No. |
| | ) | **JURY TRIAL DEMANDED** |
| ST. FRANCOIS COUNTY, a County in Missouri, | ) ) ) ) | |
| NORMAN CRUMPECKER BAIL BONDS, an entity doing business in Missouri and based in Washington County, Missouri, | ) ) ) ) ) ) | |
| GOOSE CREEK LAKE TRUSTEES, INC., a Missouri Nonprofit Corporation located in St. Francois County, | ) ) ) ) | |
| SARAH SUTTON, a Missouri resident, | ) ) | |
| JASON D. COX, a Missouri resident, | ) ) | |
| and | ) ) | |
| ADAM B. REESE, a Missouri resident, | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Linda Marie Powell and Melinda Marie Hicks, for their Complaint against St. Francois County, Norman Crumpecker Bail Bonds and Goose Creek Lake Trustees, Inc., Sarah Sutton, Jason D. Cox, and Adam B. Reese, state:

**NATURE OF THE ACTION**

1. In the late evening of August 26, 2013, bounty hunters Jason D. Cox and Adam B. Reese—accompanied by St. Francois Sheriff's Deputy Sarah Sutton—burst into the Plaintiffs' home without a warrant looking for an alleged bond-jumper who was not there. Into the early hours of August 27, 2013, the Defendants unlawfully entered and searched the Plaintiffs' home armed with firearms, badges and baseball bats terrorizing Plaintiffs for nearly an hour and holding them prisoners in their own home. The Plaintiffs now seek damages and vindication of their Fourth Amendment and state law rights.

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1346(a)(2), and 1361. This action arises under the Constitution and laws of the United States. This Court has jurisdiction to render declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000bb-1.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(e).

4. The supplemental jurisdiction of the Court to grant relief on supplemental state claims is conferred by 28 U.S.C. § 1367.

**THE PARTIES**

5. Plaintiff Linda Marie Powell is an individual residing at 3025 Athena Oaks Drive in Jefferson County, Missouri.

6. Plaintiff Melinda Marie Hicks is an individual residing at 3025 Athena Oaks Drive in Jefferson County, Missouri. Linda Marie Powell is Melinda Marie Hicks' mother.

7. Defendant St. Francois County is a county in the State of Missouri and operates the St. Francois County Sheriff's Office. Upon information and belief, St. Francois County

has an insurance policy covering the claims asserted by the Plaintiffs against Defendant Sutton and St. Francois County.

8. Upon information and belief, Defendant Norman Crumpecker Bail Bonds provides bail bond and bounty hunting services and is based in Washington County, Missouri.

9. Defendant Goose Creek Lake Trustees, Inc. ("Goose Creek") is a Missouri nonprofit corporation that directs, operates, manages and maintains the general business of Goose Creek subdivision. Among other things, Goose Creek extracts a monthly fee from residents in order to provide security.

10. Defendant Sarah Sutton was at all relevant times a St. Francois County Sheriff's Deputy and a security guard for the Goose Creek Subdivision in St. Francois County. Defendant Sutton is sued in her individual and official capacities. Defendant Sutton was a state actor acting under color of law and was acting, at all times relevant hereto, within the scope and furtherance of her employment and with authority as an agent, employee or servant of Defendant St. Francois County and its sheriff's office and also of Goose Creek for whom she served as security chief.

11. Upon information and belief, Defendant Jason D. Cox is a Missouri resident employed as a bondsman at Norman Crumpecker Bail Bonds.

12. Upon information and belief, Defendant Adam B. Reese is a Missouri resident employed as a bondsman at Norman Crumpecker Bail Bonds.

13. Defendants Cox and Reese were acting, at all times relevant hereto, within the scope and furtherance of their employment and with authority as an agent, employee or servant of Defendant Norman Crumpecker Bail Bonds. Defendants Cox and Reese are sued individually and in their capacity as employees of Norman Crumpecker Bail Bonds.

3

14. The individual defendants are sued in their individual and corporate capacities. Defendants Cox, Reese, Norman Crumpecker Bail Bonds, and Goose Creek are sued, in the Constitutional count, as acting under color of state law by virtue of their action in concert and conspiracy with Defendant Sutton and the St. Francois County's Sheriff's Office.

## FACTS COMMON TO ALL COUNTS

15. In the early evening of August 26, 2013, Plaintiff Melinda Marie Hicks was at her residence at 8867 Jamie Lane in the Goose Creek subdivision in St. Francois County, Missouri ("the Residence"). Plaintiff Linda Marie Powell, who is the mother of Plaintiff Hicks, also lived at the residence but was not home yet.

16. At around 6:30 p.m., Defendants Sutton, Cox and Reese arrived at the Residence in a vehicle.

17. Defendant Sutton announced to Plaintiff Hicks's cousin, Eric Patterson, who was in the driveway to help with a nearing move, that she was a Deputy Sheriff for St. Francois County. She was wearing a St. Francois County Sheriff polo shirt, had her service weapon and badge on her hip, and was in fact commissioned as deputy sheriff. She also performed gate security for the Goose Creek neighborhood, a fact known to the Plaintiffs at the time.

18. Defendant Sutton was accompanied by Defendants Cox and Reese, who announced that they were "officers of the law" from the Missouri Fugitive Department. The Plaintiffs later learned that Cox and Reese were bounty hunters and were merely impersonating law enforcement personnel. Defendants Reese and Cox carried firearms, badges that said "Fugitive Recovery," pepper spray and handcuffs. The badges said "Fugitive Recovery Agent."

4

19. Mr. Patterson called Plaintiff Powell and said that some police officers were trying to gain access to the Residence. Mr. Patterson handed the phone to Mr. Reese, who identified himself to Plaintiff Powell as "Officer Adam Reese" of the "State of Missouri Fugitive Task Force." Plaintiff Powell said that she would be home shortly to speak with the officers.

20. Defendants Sutton, Cox and Reese were searching for an individual named Chris Reibe, whom Plaintiff Hicks had given a ride to earlier in the day. Reibe had apparently had his bond revoked for non-payment. The underlying offense, upon information and belief, was driving while revoked.

21. Defendants Sutton, Cox and Reese began banging on the front door, looking through windows, and trying to enter the Residence. Plaintiff Hicks did not let them in.

22. The three individual defendants eventually left the residence but only went a small distance up the road to a place where they could monitor the premises.

23. Plaintiff Linda Powell came home from a doctor's appointment, along with a female relative who lived at the Residence, and they went to sleep. At this point, Plaintiffs Powell and Hicks were in the residence, along with the female relative and a male relative who was also staying at the Residence.

24. At approximately 10:00 p.m., Defendants Sutton, Cox and Reese returned to the premises.

25. Plaintiff Hicks came to the front door, where Defendant Sutton stated that Plaintiff Hicks had been seen with Chris Reibe. Plaintiff Hicks stated that she had given Reibe a ride earlier in the day and did not know his current whereabouts. Defendant Reese again said he was from the Missouri Fugitive Department.

5

26. Defendant Cox was behind the Residence at this point shining a flashlight, apparently thinking that someone would try to escape out of the back of the house.

27. When Defendant Cox came around front, he told Plaintiff Hicks that he would give her $100 if he could get Chris Reibe in handcuffs. Plaintiff Hicks reiterated that she did not know where Reibe was.

28. Defendant Cox then asked if he could use the restroom. Plaintiff Hicks said no. Defendant Cox then went around to the side of the Residence and urinated on it.

29. Defendants Sutton, Reese and Cox then told Hicks to call if she saw Chris Reibe, and Plaintiff Hicks closed the door and went inside the Residence.

30. For approximately two hours, Defendants Sutton, Reese and Cox remained outside the Residence talking and looking around with flashlights.

31. At some time between 12 and 1 a.m., Defendant Reese shined his flashlight in Plaintiff Powell's bedroom window and woke her up by shouting "Get up and open the door right now!"

32. Plaintiffs Powell and Hicks went to the door. When they opened the door, Defendant Reese already had the screen door open and barged into the Residence with Defendant Sutton. Reese shouted at Plaintiff Hicks, who was in tears, that she was lying to him about the whereabouts of Chris Reibe.

33. Defendant Cox was pounding on the back door. Plaintiff Powell unlocked the back door to speak with Defendant Cox and he barged in.

34. At this point, Defendants Sutton, Cox and Reese were inside and searching the Residence, presumably looking for Chris Reibe, without consent of the Plaintiffs and without a warrant. They claimed they knew he was in the house. Plaintiff Hicks was still in tears.

6

35. Plaintiff Powell asked for identification, and Defendant Cox said "Where the f**k is your ID? We can go wherever we want." Nonetheless, Defendant Cox pulled out his business card and Defendant Reese pulled out his driver's license. The Defendants also had licenses from the State of Missouri Department of Insurance Surety Recovery.

36. Plaintiff Powell stated to Defendant Cox that he was not a police officer and everyone needed to leave. None of the Defendants left.

37. Defendant Cox said that he did not need a warrant, that he was looking for a fugitive, and that he could "search the f**king attic if he wanted to."

38. Defendant Cox, as he was searching the Residence, grabbed a baseball bat that belonged to the Plaintiffs. When asked what he was doing with it, he said "I'm protecting myself, and I'll stick it up your a**."

39. In all, Defendants Sutton, Cox and Reese searched the inside of the Residence and interrogated Plaintiffs Hicks and Powell for approximately 45 minutes. The Defendants made Plaintiff Hicks call Chris Reibe's cell phone and leave voicemails approximately 30 times.

40. Once Defendants Sutton, Cox and Reese left the Residence, they sat in their vehicles in the Residence's driveway.

41. At no point were any of Defendants Sutton, Cox and Reese invited or permitted into the Residence, its driveway, or on any part of Plaintiffs' property.

42. The conduct of Defendants Sutton, Cox and Reese was part of a preexisting agreement and conspiracy to intrude upon the property of Plaintiffs, including the Residence. All the individual defendants acted under color of state law as law enforcement and conspiring with each other.

7

43. Defendant Sutton was at all times acting pursuant to the official policy or custom of St. Francois County.

44. Acting under color of law and pursuant to official policy or custom, Defendant St. Francois County knowingly or with deliberate indifference to and callous disregard of the Plaintiffs' rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant Sutton in her duties to refrain, individually and in conspiracy with others such as the other Defendants herein, from violating the rights of the Plaintiffs as set forth in this Complaint.  Said rights are guaranteed to the Plaintiffs under the Constitution, laws of the United States and the laws of the State of Missouri.

45. Defendant St. Francois County had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.  Defendant St. Francois County had power to prevent or aid in preventing the commission of said wrongs, or could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of the Plaintiffs' rights failed or refused to do so.

46. Defendant St. Francois County, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Sutton heretofore described.  St. Francois County and its officer Defendant Sarah Sutton were at all times acting pursuant to official policy or custom.

47. Upon information and belief, Defendant St. Francois County failed to properly screen, supervise and train Defendant Sutton as an employee, leading to the incidents in this case, and failed to instruct Sutton regarding her authority to act as Deputy Sheriff while also

working for Goose Creek.  Defendant St. Francois County knew that searches and seizures would be a part of Defendant Sutton's job activities and failed to instruct, guide, train or supervise her.

48.     Upon information and belief, Defendant St. Francois County was aware that Defendant Sutton had substance abuse issues and/or was aware of other misconduct on the part of Sutton and failed to discipline or terminate her or correct her actions.  St. Francois County's failures relating to Defendant Sutton were done with deliberate indifference to the rights of citizens like the Plaintiffs and led to Plaintiffs' injuries.

49.     Defendants Sutton, Cox and Reese, individually and in conspiracy with each other, carried out the actions listed in this Complaint intentionally and/or with deliberate indifference to and callous disregard of the rights of Plaintiffs.

50.     Defendants Sutton, Cox and Reese showed a deliberate indifference or conscious disregard for the rights of Plaintiffs and their actions were accordingly willful and wanton and shock the conscience.

51.     Defendants Sutton, Cox and Reese acted at all times in conspiracy, in concert and in joint action with each other and Defendants acted under color of law and their actions constituted state action.

52.     Following the incident, Plaintiff Powell made reports to the St. Genevieve County Sheriff's Office and to the St. Francois Sheriff's Office to report the criminal and illegal actions of the Defendants.  The St. Genevieve Sheriff's Office took statements but took no further action.  The St. Francois Sheriff's Office stated that Defendant Sutton would be reprimanded but upon information and belief, the Sheriff's Office took no action thus ratifying Sutton's actions.

53. Goose Creek also became aware of Sutton's action on the night of the incident but upon information and belief, did not terminate or reprimand Sutton.

54. Defendant Reese, throughout September 2013, continued to harass Plaintiff Hicks about locating Chris Reibe.

55. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered violations of their constitutional rights, loss of sleep, anxiety, garden variety emotional distress and other damages.

## CAUSES OF ACTION

### COUNT I
**Fourth Amendment Violation Pursuant to 42 U.S. Code § 1983**
**Against All Defendants**

56. Plaintiffs reallege and incorporate by reference all preceding paragraphs of their Complaint, as if fully set forth herein.

57. In committing the acts complained of herein, Defendants acted together in conspiracy and under color of law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth Amendment to the Constitution of the United States including the right to be free from warrantless and unreasonable searches and seizures.

58. Defendant Sutton's actions, at all times, constituted state action.

59. Defendants Cox and Reese, individually and in their capacity as employees for Norman Crumpecker Bail Bonds, acted in concert and conspiracy with Defendant Sutton in violating the Plaintiffs' Fourth Amendment and state law rights.

60. In violating Plaintiffs' rights as set forth above, Defendants acted under color of state law and conducted an unauthorized, warrantless and unreasonable search of Plaintiffs' property and seizure of Plaintiffs without a warrant, exigent circumstances or authority in

violation of the Fourth Amendment.

61. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

62. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

Wherefore, the Plaintiffs request that the Court:

a. Award Plaintiffs actual, compensatory damages from Defendants, jointly and severally;

b. Award Plaintiffs punitive/exemplary damages as allowed by law;

c. Award Plaintiffs the costs of this action and reasonable attorney's and expert's fees pursuant to 42 U.S.C. § 1988 or as otherwise provided by law; and

d. Award such other and further relief as it deems just and necessary.

## COUNT II
### Invasion of Privacy
### Against All Defendants

63. Plaintiffs reallege and incorporate by reference all preceding paragraphs of their Complaint, as if fully set forth herein.

64. The unlawful, unpermitted and unreasonable intrusion by Defendants Sutton, Cox and Reese—individually, in their official/corporate capacities, and in conspiracy with one another—on to the property of the Plaintiffs on the evening of August 26, 2013 and into the early morning of August 27, 2013 was intentional.

65. The intrusion was on the solitude, seclusion, and private affairs of the Plaintiffs

11

and their houseguests.

66. The intrusion was by a means that is unreasonable and highly offensive to a reasonable person.

67. The Plaintiffs suffered emotional distress and other damages, including the deprivations of constitutional rights, as a result of the actions of the Plaintiffs.

68. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

Wherefore, these Plaintiffs request that the Court:

a. Award Plaintiffs actual, compensatory damages from Defendants, jointly and severally;

b. Award Plaintiffs punitive/exemplary damages as allowed by law;

c. Award Plaintiffs the costs of this action and reasonable attorney's and expert's fees to the extent provided for by law; and

d. Award such other and further relief as it deems just and necessary.

## COUNT III
### Trespass to Land
### Against All Defendants

69. Plaintiffs reallege and incorporate by reference all preceding paragraphs of their Complaint, as if fully set forth herein.

70. As described in detail above, Defendants Sutton, Cox and Reese—individually, in their official or corporate capacities, and in conspiracy with one another—intentionally and actually intruded upon the land of the Plaintiffs.

71. The Plaintiffs were in possession and/or were entitled to immediate possession

12

of the land when the intrusion took place.

72. The intrusion was caused by the acts of Defendants Sutton, Cox and Reese.

73. At no point were any of Defendants Sutton, Cox and Reese invited or permitted into the Residence, its driveway, or on any part of Plaintiffs' property.

74. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

Wherefore, the Plaintiffs request that the Court:

a. Award Plaintiffs actual, compensatory damages from Defendants, jointly and severally;

b. Award Plaintiffs punitive/exemplary damages as allowed by law;

c. Award Plaintiffs the costs of this action and reasonable attorney's and expert's fees to the extent provided for by law; and

d. Award such other and further relief as it deems just and necessary.


July 9, 2014                              OTTSEN, LEGGAT AND BELZ, L.C.


                                          By: /s/ J. Matthew Belz_____
                                          J. Matthew Belz  #MO-61088
                                          Timothy Belz  #MO-31808
                                          112 South Hanley, Suite 200
                                          St. Louis, Missouri 63105-3418
                                          Phone: (314) 726-2800
                                          Facsimile: (314) 863-3821
                                          jmbelz@omlblaw.com
                                          tbelz@omlblaw.com

                                          and

13

Al W. Johnson
Law Offices of Al W. Johnson  #MO-31485
112 South Hanley Road, Suite 200
Clayton, Missouri 63105
Telephone: (314) 726-6489
Fax: (314) 726-2821
ajohnson@awj-law.com

Attorneys for Plaintiffs