UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LINDA MARIE POWELL, et al., )
)
Plaintiffs, )
)
v. )  Case No. 4:14-cv-1230-AGF
)
ST. FRANCOIS COUNTY, et al., )
)
Defendants. )

## SUPPLEMENTAL MEMORANDUM AND ORDER

The Court enters this supplemental order to address arguments for partial summary judgment raised by Defendant Sarah Sutton's motion for summary judgment in her individual capacity (Doc. No. 67). The Court will also address one other argument raised in Defendant Sutton's briefing which it did not address in its initial Memorandum and Order. Plaintiffs offered a Response to Sutton's motion (Doc. No. 77). All relevant facts and background were summarized in the Court's initial Memorandum and Order (Doc. No. 83), which is fully incorporated herein.

## DISCUSSION

*Sutton's Supplemental Argument for Summary Judgment*

At the outset, the Court will address an "additional and independent ground" asserted by Defendant Sutton in her reply briefing that was not addressed in the Court's initial Memorandum and Order. (Doc. No. 79 at 7.) The MOPERM (Missouri Public Entity Risk Management Fund) Memorandum of Coverage sets out an exception to coverage for "Bodily Injury, Property Damage or Personal Injury resulting from an act

which is a violation of State or Federal criminal law . . ." (Doc. No. 68-7 at 5.)  The exception applies regardless of whether Sutton is charged with or convicted of a violation.  In Missouri, a person commits the crime of trespass if she "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure."  MO. REV. STAT. § 569.140.   Sutton argues that, because Plaintiffs have asserted that Sutton did not enter their home with permission, it follows that Sutton is guilty of trespass, and MOPERM does not provide coverage.  Therefore, according to Sutton, there can be no liability under the terms of the Settlement between the parties, which essentially limits liability to those claims covered by MOPERM.

The Court acknowledges the possibility that the criminal act exception in the MOPERM policy applies.  Nonetheless, at this juncture, the Court will reject summary judgment on this theory for several reasons.  First, a court generally will not consider an issue raised for the first time in a reply brief.  *See, e.g., Kirt v. Fashion Bug 3253, Inc.*, 479 F. Supp. 2d 938, 948 (N.D. Iowa), ("Raising a new issue in a reply brief, however, generally does not require the court to consider that issue."), *adhered to on reconsideration sub nom. Kirt v. Fashion Bug 3252, Inc.*, 495 F. Supp. 2d 957 (N.D. Iowa 2007).  Sutton herself describes the argument as an "additional and independent ground" which was not asserted in her original briefing.  As such, Sutton has deprived Plaintiffs of the opportunity to respond to the argument.  For this reason alone, the Court denies Sutton's argument.

However, even were the Court to consider the argument on its merits, it would not support summary judgment on this record.  As an initial matter, the Court notes that it

need not reach the issue of the potential applicability of this exception under most scenarios. The jury might determine that no § 1983 violation occurred, or the jury could determine that a § 1983 violation occurred, but that Sutton was not acting in the course and scope of her duties, which would vitiate coverage under MOPERM and, therefore, bar Plaintiffs from recovery based on the terms of their Settlement. This exception appears to become relevant only if the jury determines that a § 1983 violation occurred and Sutton was acting in the course and scope of her employment.

If the jury were to make these findings, however, the Court cannot conclude on this record that, as a matter of law, the criminal action exception automatically applies to Sutton's actions. The record is not clear, for example, as to what authority Sutton might have had as a security guard to enter homes in Goose Creek on the evening in question. Likewise, the parties have not addressed how the scienter requirement for criminal trespass may differ from that under § 1983. As such, the Court cannot find that Sutton has met her burden to establish, as a matter of law, that the criminal act exclusion would apply, particularly given that the issue was first raised in reply briefing and Plaintiffs have not had an opportunity to respond. The Court will not engage in hypotheticals and speculation based on a tardily-raised argument. It is possible, of course, that the matter may be properly addressed at or after trial, upon consideration of a complete trial record. But at this juncture, the Court denies summary judgment on this alternatively-offered ground.

*Sutton's Motion for Partial Summary Judgment*

The Court will next address Sutton's arguments for partial summary judgment with regard to attorneys' fees, punitive damages, and any award up to $1,000,000 based on additional insurance coverage.

Sutton first argues that she is entitled to partial summary judgment on any claim for punitive damages, given that MOPERM's Memorandum of Coverage specifically excludes claims for punitive damages. Plaintiffs argue in response that Sutton addresses only whether the MOPERM policy provides coverage, and not whether St. Francois County might independently provide such coverage. Secondly, Plaintiffs argue that the full MOPERM exception undermines Sutton's argument; that full exception reads: "To punitive and exemplary damages, damages for aggravating circumstances, fines or penalties threatened or imposed for violation of any civil or criminal statute, administrative regulation or county or municipal ordinance." (Doc. No. 68-7 at 4.) Plaintiffs construe this language as excepting only "punitive and exemplary damages . . . imposed for violation of any civil or criminal statute[.]" Because Plaintiffs' allegations arise under § 1983, they argue, punitive damages are not excepted.

The Court will grant partial summary judgment with regard to punitive damages. As explained in the Court's initial Memorandum and Order, St. Francois County "provides coverage" for torts committed by Sutton only to the extent that it has independently agreed or contracted to do so, and MOPERM is the only agreement or contract to provide coverage proffered by either party. Thus, Plaintiffs' first responsive argument is defeated; the record supports that MOPERM is the only possible coverage by

St. Francois County.  The Court also rejects Plaintiffs' argument with regard to the MOPERM punitive damages exception.  In contract interpretation generally, a contract is considered ambiguous if the terms are susceptible to multiple reasonable meanings. *Weitz Co. v. MH Washington*, 631 F.3d 510, 524 (8th Cir. 2011) (citation omitted). However, purported insurance coverage for punitive damages is carefully scrutinized, and the Eighth Circuit has held that "[u]nder Missouri law, an insurance policy which covers bodily injury and property damage does not cover punitive damages unless other language in the policy provides for payment of punitive damages." *Union L.P. Gas Sys., Inc. v. Int'l Surplus Lines Ins. Co.*, 869 F.2d 1109, 1111 (8th Cir. 1989).  Plaintiff offers no affirmative language in the policy providing for payment of punitive damages. Therefore, even if the ambiguous language highlighted by Plaintiffs were resolved in their favor, the Court could not read the Memorandum of Coverage as providing for payment of punitive damages under Missouri law.  Thus, partial summary judgment on any claim for punitive damages will be granted.

Next, Sutton argues that she is entitled to partial summary judgment with regard to any claim for attorneys' fees, because the MOPERM Memorandum of Coverage provides coverage only to "ultimate net loss," a phrase that excludes "defense costs."  (Doc. No. 68-7 at 6-7.)  "Defense costs" is defined in relevant part as "all fees and expense caused by and relating to the adjustment, investigation, defense or litigation of a claim including attorneys' fees, court costs and interest on judgments[.]"  *Id.*  Plaintiffs respond that the definition of "defense costs" does not cover a plaintiff's attorneys' fees when awarded by a court.  Plaintiffs also point to other provisions of the Memorandum of Coverage that

exempt coverage for an award of attorneys' fees arising out of certain violations—but not violations of the United States Constitution, such as those alleged by Plaintiffs.

The Court finds Plaintiffs' reading of the policy to be more persuasive when reviewing the policy as a whole. Plaintiffs' reading is also more consistent with the plain language of the policy and common understanding of the term "defense costs." Thus, partial summary judgment on the matter of claims for attorneys' fees will be denied.

Finally, Sutton argues that she is entitled to partial summary judgment for the first $1,000,000.00 of any damage award. Sutton points out that MOPERM is merely an excess carrier, and that its coverage applies only where a claimant has exhausted any and all other coverage. (Doc. No. 68-7 at 8.) Sutton posits that additional coverage exists through Goose Creek Lake Trustees, Sutton's employer, up to an applicable $1,000,000.00 limit. Sutton also argues that her statement of material facts specifically mentioned the Goose Creek Lake Trustees' policy and its applicability to this matter, and that the contention was not properly contested. In response, Plaintiffs argue that the only remaining claims at bar pertain to whether Sutton violated Plaintiffs' rights in the course and scope of her duties as a deputy sheriff of St. Francois County. Therefore, Plaintiffs argue, it is unlikely that Goose Creek Lake Trustees' insurance coverage would apply. Moreover, Plaintiffs argue that whether MOPERM has a contribution, coinsurance, or indemnification claim against Goose Creek Lake Trustees for the first $1,000,000.00 of any award is a tangential matter that cannot be determined on the current record and is not properly before this Court.

The Court will first note that, for purposes of summary judgment, Plaintiffs' responsive briefing sufficiently refutes Sutton's statement of material fact relating to the Goose Creek Lake Trustees' policy; Plaintiffs state that "it is unclear and doubtful as to why Goose Creek's insurer would cover claims regarding Sarah Sutton's actions as a deputy sheriff[.]" (Doc. No. 77 at 27.) With respect to the merits, the Court notes that MOPERM's Memorandum of Coverage states that it shall apply in excess of "valid and *collectible* coverage." *Id.* (emphasis added). Although Sutton has submitted the entire Goose Creek Lake Trustees' policy to the Court, she has not directed the Court to any section that supports her argument. It is not the Court's obligation to comb through a 217-page policy to try to determine what coverage is afforded. Moreover, the parties have not addressed how the Settlement—which limited the claims to Sutton's role as a deputy sheriff—impacts the analysis. Thus, the Court finds, on the current record, that Sutton has failed to meet her burden to establish as a matter of law that Goose Creek Lake Trustees' insurance will provide coverage for damages awarded.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant Sarah Sutton's Motion for partial summary judgment with regard to punitive damages is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Sarah Sutton's motion for partial summary judgment with regard to attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Sarah Sutton's motion for partial summary judgment with regard to the first $1,000,000 of any judgment is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2016.